IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANGELANN STEPHENS,

      Plaintiff,

v.

ATLANTA INDEPENDENT
SCHOOL SYSTEM a.k.a.
ATLANTA PUBLIC SCHOOLS,

      Defendant.

1:13-cv-978-WSD

**OPINION AND ORDER**

This matter is before the Court on Defendant's Rule 12(b) Motion to Dismiss [6] ("Motion to Dismiss").

**I.   BACKGROUND**

This case alleges discrimination and retaliation under Title I of the Americans with Disabilities Act arising from Angelann Stephen's ("Plaintiff") employment as a high school teacher with the Atlanta Independent School System ("Defendant" or "APS").  Defendant filed its Motion to Dismiss on the grounds of insufficient process, insufficient service of process, and lack of personal jurisdiction.

On December 27, 2012, Plaintiff received a right to sue letter from the United States Department of Justice – Civil Rights Division.  The letter authorized Plaintiff to bring suit within ninety (90) days of receipt of the letter.  Eighty-nine (89) days later, on March 26, 2013, Plaintiff filed her Complaint with this Court (the "Original Complaint").  Plaintiff did not serve the Original Complaint on Defendant.  Ninety-nine (99) days after the Original Complaint was filed, on July 3, 2013, Plaintiff filed her First Amended Complaint (the "Amended Complaint") adding additional facts and an additional count alleging retaliation stemming from the same conduct alleged in the Original Complaint.

On July 12, 2013, one hundred and eight (108) days after the Original Complaint was filed and nine (9) days after the Amended Complaint was filed, Plaintiff served the Amended Complaint on Julie Johnson, a paralegal in the APS Office of General Counsel.  Ms. Johnson was authorized to accept service of process on Defendant's behalf.  Defendant was not ever served with the Original Complaint.

On July 31, 2013, Defendant filed its Motion to Dismiss.  Although not entirely clear from its submissions, Defendant offers the following argument in favor of dismissal based on the language of Rule 15(a). Defendant claims that there are three 21-day windows in which a plaintiff has an unqualified right to

amend a complaint: (i) 21 days after service of a complaint, (ii) 21 days after service of a responsive pleading when one is required, and (iii) 21 days after service of a motion under Rule 12(b), (e) or (f). Because Plaintiff did not amend within one of these three 21-day windows, and otherwise did not get Defendant's consent or the Court's approval to amend, Defendant argues the amendment should not be recognized, and because the Original Complaint was not served, this action was not commenced within the 90 days of the right to sue letter. Defendant concludes by arguing that this action is thus time-barred.

Defendant offers the additional argument that Rule 4(m) of the Federal Rules of Civil Procedure required Plaintiff to serve the Original Complaint within 120 days from the date that the Original Complaint was filed, and failure to serve within this 120-day period requires the Court to dismiss the case without prejudice.[1]

Plaintiff argues that the Amended Complaint supersedes the Original Complaint, that it was served on Defendant, and that it relates back to the Original Complaint. Because the Original Complaint was filed within 90 days after the

---

[1] Defendant acknowledges that Rule 4(m) provides that, in the event a plaintiff fails to meet the 120-day service requirement, if Plaintiff "shows good cause" for the service failure, "the court must extend the time for service for an appropriate period." See Fed. R. Civ. P. 4(m). Defendant argues that Plaintiff cannot show "good cause" for the Court to exercise its discretion to extend the time for service.

right to sue letter was received, the related-backed Amended Complaint is deemed to be timely filed.

## II. BACKGROUND

### A. Legal Standard

Rule 12(b)(4) and Rule 12(b)(5) permit dismissal for insufficient process and insufficient service of process. Fed. R. Civ. P. 12(b)(4), (5). In considering a defendant's motion to dismiss, the court accepts the plaintiff's allegations as true, Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), and considers the allegations in the complaint in the light most favorable to the plaintiff. Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295 (11th Cir. 2007).

### B. Analysis

Rule 15(a)(1) of the Federal Rules of Civil Procedure provides:

> A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1). That is, Rule 15(a)(1) allows for amendments as a matter of course within a time frame that concludes 21 days after service of the complaint or any allowed responsive pleading or motion to dismiss under Rule 12(b)(e) or (f). See Fed. R. Civ. P. 15(a)(1). Defendant claims these 21-day windows are

unambiguously based on the language of Rule 15(a) including that the word "within" applies to each window. The common meaning of "within" is "not beyond a particular area, limit, or period of time." See Cambridge Dictionary. Thus, amendment as a matter of right applies so long as an amendment is filed "within," or "not beyond," 21 days of service of a pleading, service of a responsive pleading if required, or the filing of a motion under Rule 12(b)(e) or (f). Defendant asserts that the Amended Complaint was not filed within any of these three windows, and thus was not filed as a matter of right. The Court agrees.[2] The addition of the word "within" when the rule was amended in 2009 and the three specific circumstances allowing an amendment of a complaint as a matter of right unambiguously outline when an amendment can be made without the consent of

---

[2] The 2009 amendment commentary provides that the changes to Rule 15 were intended to alter the time that the right to amend a pleading terminates. The 2009 amendments intended to resolve the difference in the treatment of amendments after the filing of an answer as opposed to other responsive filings, including motions to dismiss. That is, "the right to amend once as a matter of course is no longer terminated by service of a responsive pleading." See Fed. R. Civ. P. 15 commentary; see also Charles Alan Wright et al., Federal Practice and Procedure § 1483 (3d ed. 2010) ("The reasons justifying the differing treatment between the time allowed for amendments as of course when a responsive pleading is served in contrast to when a motion is served were never clear and produced some strange results. Thus, Rule 15(a)(1) was rewritten in 2009 to eliminate that distinction."). Rule 15(a) is intended to recognize the right of a party to amend its pleading and the right of the other party not to be prejudiced by the amendment. See Wright et al., supra, § 1480.

the opposing party or the approval of the Court.  Here, none of these circumstances existed when the Amended Complaint was filed—the Original Complaint had not been served, an answer had not been served, and a Rule 12 motion had not been filed.  The Amended Complaint therefore was not filed of right, and Plaintiff did not have Defendant's consent or the Court's permission to file it.  As a result it was not an allowed pleading under Rule 15(a)(1).

The Court considers, however, the consequence of Plaintiff not seeking the Court's approval of the amendment before it was made.  The general purpose of the 2009 amendments was to facilitate amendment of pleadings, as of right, so long as a defendant is not prejudiced by the amendment.  See Wright et al., supra, § 1480.  The long-standing rule is that Rule 15(a) amendments should be liberally allowed.  See Fed. R. Civ. P. 15(a)(2).  There also is a long-standing rule that amendments should be deemed to relate back to the date of original complaints if to do so would avoid the bar of an applicable limitations period.  See Fed. R. Civ. P. 15(c)(1). Ultimately it is the Court's duty to apply procedural rules in a way that advances justice.  See Fed. R. Civ. P. 1 (requiring the Court to "construe[] and administer[] [the Rules] to secure the just, speedy, and inexpensive determination of every action and proceeding).

Applying these considerations in the matter before the Court, the Court finds that allowing the Amended Complaint as a pleading in this action will not prejudice Defendant. Defendant was, after all, aware of Plaintiff's claims when the Amended Complaint was served on it. If the Court does not allow the Amended Complaint, Plaintiff's action would be barred by the requirement that Plaintiff commence her ADA action 90 days after she received her right to sue letter. Had Plaintiff served the Original Complaint she would have been allowed to amend it as of right within 21 days of service or within 21 days of Defendant's answer or Rule 12 motion, giving her a total of over 40 days to amend. Even if she sought to amend outside these windows with the Amended Complaint at issue here, the Court would have, as required, liberally granted a motion to amend.

Under the circumstances before the Court, Plaintiff should not have to forfeit the claims asserted in this case just because she sought to amend before serving her Complaint, apparently not studying Rule 15(a) closely enough to realize the amendment required the Court's review. Considering that the Amended Complaint, had it been filed as of right or with the Court's consent, would relate back to the Original Complaint, and since the law is well-established that the amendment of a complaint generally is allowed even though the complaint was not served, the Court determines that the Amended Complaint should be allowed in

this case.[3]

Rule 15(c) provides that amendments relate back to the date of the original pleading's filing when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B); see also Mayle v. Felix, 545 U.S. 644, 659 (2005) ("[R]elation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims."). In this case, the

---

[3] Defendant argues that Leonard v. Stuart-James Co., Inc., 742 F. Supp. 653 (N.D. Ga. 1990), supports that service of an amended complaint does not constitute service of the original complaint, which was not itself served. Defendant's reliance on Leonard is misplaced. In Leonard, the original complaint was filed on September 11, 1989, but not served. The amended complaint was filed on December 7, 1989, and the defendant was served with it on February 14, 1990, 156 days after the original complaint was filed. 742 F. Supp at 660. Under Rule 4(m), a defendant must be served within 120 days after the complaint is filed. Fed. R. Civ. P. 4(m). The court in Leonard concluded that, while the amended complaint was served within 120 days of its own filing, that service did not constitute service within the 120 days after filing of the original complaint as required by Rule 4(m). Id. at 662. Leonard stands for the proposition that amending a complaint does not extend the Rule 4(m) time frame for service and that the operative complaint must still be served within 120 days of the original complaint's filing. Id.; see also Del Raine v. Carlson, 826 F.2d 698, 705 (7th Cir. 1987) ("We do not believe, however, that the [amendment] started the 120 days running again from the date when the amended complaint was filed."). When an amended complaint has superseded the original complaint, service of the original complaint is not necessary. See Phillips v. Murchison, 194 F. Supp. 620, 622 (S.D.N.Y. 1961) ("[S]erving a superseded complaint with the summons was not a proper service of process and [this court] set[s] aside such service as insufficient."). Leonard does not apply here, especially because the Court decides that the Amended Complaint will be allowed.

Amended Complaint added clarifying facts and an additional count of retaliation arising out of the occurrences alleged in the Original Complaint.  The Amended Complaint here asserts claims arising out of the "conduct, transactions, or occurrences" set out in the Original Complaint, and thus the Amended Complaint relates back to the date the Original Complaint was filed.  As a result, this action was filed within 90 days of Plaintiff's receipt of her right to sue letter and this action is deemed timely filed.  See, e.g., Caldwell v. Martin Marietta Corp., 632 F.2d 1184, 1187 (5th Cir. 1980).

### III. CONCLUSION

Accordingly, and for the foregoing reasons,

**IT IS HEREBY ORDERED** that the Amended Complaint is allowed as a pleading in this action and that it relates back to the Original Complaint.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss [6] is **DENIED**.

**SO ORDERED** this 22nd day of November, 2013.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE